**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| DEREK RATCLIFF,<br><br>    Plaintiff,<br><br>v.<br><br>WALGREENS,<br><br>    Defendant. | Case No.:  2:21-cv-948-KWR-KRS |

**CONSENT PROTECTIVE ORDER GOVERNING THE EXCHANGE AND
PROTECTION OF CONFIDENTIAL INFORMATION**

Upon agreement and motion of Plaintiff Derek Ratcliff ("Plaintiff") and Defendant Walgreen Co. (named erroneously as "Walgreens") ("Defendant") (collectively, the "parties"), and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), the Court hereby enters this Consent Order.  The following terms and conditions shall govern the handling of any and all documents and things, **except where inconsistent with the rules governing the filing of restricted access documents contained in Sections 9(h)2(b) and 8(b)5(a) of the Administrative Procedures Manual for the United States District Court for the District of New Mexico** (including all copies, excerpts, and summaries thereof), computer-generated data, information in computers and on computer disks and tapes, deposition testimony, interrogatory responses, exhibits, and any information otherwise produced, obtained, or disclosed by the parties in discovery, pretrial proceedings, trial, and post-trial proceedings in this litigation, including all information contained

therein or derived therefrom (hereinafter, the "Produced Material") as follows:

1. Pursuant to this Order, any person or entity, whether or not a party to this action, may designate as "CONFIDENTIAL" any material that party produces in this action. Counsel for the parties shall apply the designations of "CONFIDENTIAL" in good faith to only those documents that are deemed by the parties or their counsel to be sensitive or proprietary in the case of "CONFIDENTIAL" documents. All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material."

2. The designation of Produced Material as "CONFIDENTIAL" is not a concession, admission, or representation by either the producing or receiving party that such material, or any information contained therein, is in fact a trade secret or confidential information under applicable law. Furthermore, the designation of Produced Material as "CONFIDENTIAL" may not be used against either party in any proceeding and is made solely for the purposes of maintaining the confidentiality of such material, to the extent necessary for purposes of this litigation.

3. Any designation of confidentiality pursuant to this Order shall be accomplished by employing the legend "CONFIDENTIAL" as follows:

(a) in the case of documents, the legend shall be placed on or attached to each page of the document prior to its production;

(b) in the case of things, the legend shall be placed on or attached to the things;

(c) in the case of information incorporated in answers to interrogatories, the legend shall be placed on the designated pages of the interrogatory answers;

(d) in the case of depositions, designations of the portions of the deposition transcript (including exhibits) shall be made as follows:

(i) by a statement to such effect on the record during the deposition, or

(ii) by the designating party in writing within the period given to make corrections to the deposition transcript.

All properly designated portions of deposition transcripts (including exhibits) shall be treated as CONFIDENTIAL, and access to any portion thereof shall be limited to those persons set forth in paragraphs 5 and 6 below until the expiration of the period for "CONFIDENTIAL" designations to be made as prescribed in subsection (ii) of this paragraph, except that deposition transcripts may be used in any hearing before the expiration of the period for making designations unless that portion is separately designated as "CONFIDENTIAL" prior to the hearing.

As to any portions of the deposition transcript and exhibits so designated, the designating party shall list on a separate piece of paper the specific page and line number of the transcript containing Confidential Material and shall furnish a copy of the list to the non-designating party.

The parties shall direct the reporter attending each deposition to place the following legend in bold type on the covers of all deposition transcripts: NOTICE: This deposition

3

is subject to a Consent Protective Order and may contain CONFIDENTIAL testimony and/or exhibits.

Whenever Confidential Material is to be discussed or disclosed in a deposition, the designating party for such Confidential Material shall have the right to require the exclusion from the room of any person who is not entitled to access to such Confidential Material; provided, that no party may be excluded from the room.

4. Except as otherwise provided in this Order, all Confidential Material and all copies, excerpts and summaries thereof and all material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purposes including, without limitation, any business, commercial or competitive purpose.

5. Confidential Material designated as "CONFIDENTIAL" may be disclosed, summarized, described, revealed or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to the following persons:

(a) the parties, including inside counsel, directors, officers and employees of the parties, but solely for the purpose of assisting counsel in the conduct of this litigation;

(b) outside litigation counsel of record for the parties in this action, and regular and temporary employees of such counsel to the extent necessary to assist counsel in the conduct of this litigation;

(c) any consultant or expert (including both testifying experts and consulting

experts) retained or consulted by any party for the purpose of testifying or rendering assistance or providing opinions in this action including, but not limited to, independent experts and consultants, but only to the extent necessary to assist counsel in the conduct of this litigation;

(d)     any former employee or agent of a party or any other person who is participating in the litigation as a deponent, witness or potential witness, where:

(i)     during the course of deposition testimony or at trial, counsel reasonably and in good faith believes that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes; or

(ii)    it appears on the face of the Confidential Material or from other documents or testimony that the witness had lawfully generated or received the Confidential Material prior to and apart from this litigation;

(e)     the Court and its employees;

(f)     any mediator engaged in this matter;

(g)     Court reporters and videographers; and

(h)     Vendors involved in copying, organizing, converting, storing, or retrieving Confidential Material.

Individuals identified in Paragraph 5(d) above shall be required to sign the document attached as Exhibit A prior to review of any Confidential Material designated as "CONFIDENTIAL."

6. Any documents (including briefs), tangible things or information designated as "CONFIDENTIAL" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Administrative Procedures Manual for Restricted Access Documents. Specifically, if a party seeks to use information designated as "CONFIDENTIAL" under this Protective Order in filings before the Court, it is the burden of the party seeking to file the document to properly identify it as a Restricted Access Document "accessible by all case participants but not the public" pursuant to the Court's Administrative Procedures Manual Section 9(h) and ensure that the Court grants permission to restrict the document and that service is accomplished pursuant to the Court's Administrative Procedures Manual Section 8(b)5(a).If this case is tried to a jury, the parties agree to make arrangements for the use of "CONFIDENTIAL" documents in such a way so as to limit the potential of disclosure of such information to the general public and to submit any disputes about such use to the Court for adjudication.

7. This Order has no effect upon, and shall not apply to (i) any producing party's use of its own Confidential Material for any purpose or (ii) any person's use of documents or other information properly obtained or developed independently of discovery in this action.

8. Every person to whom Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise

communicated or made available in whole or in part in accordance with the terms of this Order shall first be advised that the material or information is being disclosed pursuant and subject to the terms of this Order, and

      (a)    with respect to those persons encompassed by paragraphs 5(a) and (b) above, obtain that person's oral agreement that he or she understands and will comply with the terms of this Order;

      (b)    with respect to those persons encompassed by paragraphs 5(c) and (d), require that such person agrees to abide by the terms of this Order by signing a certification that he or she understands and will comply with the terms of this Order.  Counsel for the party procuring any certification shall keep copies of such certifications.

9.    If the non-designating party objects to the designation of a document or information as Confidential Material, the non-designating party shall serve a written objection on the designating party.  The designating party may apply to the Court for protection within five (5) business days of receiving such objection.  Failure to apply to the Court for protection within five (5) business days of receiving an objection waives any claim that the Confidential Material is entitled to protection under this Order.  The burden rests upon the designating party to demonstrate that the designation is proper.  Until the Court enters an order changing the document's designation, the document shall be treated as Confidential Material as provided in this Order.  None of the parties to this action is obliged to challenge the designation of any Confidential Material at the time of receipt,

disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge and shall not constitute a concession, admission, or representation that such material, or any information contained therein, is in fact a trade secret or confidential information under applicable law.

10. Inadvertent failure to designate any material that a producing party claims should be Confidential Material will not be deemed as a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the producing party, thereafter treat such material as Confidential Material in accordance with this Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Material shall make reasonable efforts to prevent further use or disclosure of the information contained in the previously undesignated Confidential Material by persons other than those authorized in accordance with paragraphs 5 and 6 for access to such information.

11. In the event of inadvertent disclosure of any Confidential Material to a person not authorized for access to such material in accordance with paragraph 5 or 6 of this Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also shall promptly take all reasonable measures (i) to ensure that no further or greater unauthorized disclosure or use of such information or

materials is made and (ii) to retrieve the material from the person or persons not authorized to receive such material and inform that person of this Order.  Each party shall cooperate in good faith in that effort.

12. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the Confidential Material expressly consents to such disclosure in a particular instance, either in writing or on the record of any proceeding in this action, or if the Court, following notice to all parties, orders such disclosure.

13. The parties will assert privilege and work product objections as appropriate and will confer and discuss if there is a question regarding the same.  If the parties cannot resolve any issues regarding privilege or work product, they will contact the Court's courtroom deputy to schedule a teleconference.

If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such protection shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information in any proceeding relative to any party or third party, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery.  Within three (3) business days of receiving a written request to do so from the producing party, or an oral request if the producing party determines

during a hearing or deposition that a privileged document has been inadvertently produced, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that the receiving party is not precluded from filing a motion to compel production of the returned information on a basis other than a waiver, in which case the producing party shall retain copies of all returned documents and tangible items for further disposition.

If a document subject to a claim of privilege has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved.  If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.  The producing party shall preserve the specified information until the claim is resolved.

14.   On good cause shown, the Court may amend or modify any of the tenets of this Order so as to further the ends of justice or to resolve any problems which may arise stemming from or relating to this Order.  The parties by stipulation in writing or on the record may provide for exceptions to this Order.  The existence of this Order shall not be used as a basis to compel the disclosure of information.  Nor shall the existence of this

Order be used as a basis to prevent another party from seeking greater protection than the protection provided by this Order.

15. The provisions of this Order shall continue to be binding throughout and after the conclusion of this action and shall not terminate at the conclusion of this action.

16. Within fifteen (15) calendar days after receiving notice of the final disposition of this action, all parties and persons bound by this Order shall either (a) return all Confidential Material designated as "CONFIDENTIAL", including all copies thereof and information stored in computers and on computer disks and tapes, computer extracts, computer entries, notes, memoranda, and other papers containing information therefrom, upon written request by the Producing Party; or (b) certify that all Confidential Material designated as "CONFIDENTIAL" in their possession has been destroyed. However, outside counsel for the parties shall be entitled to retain their respective litigation files, including all court papers, deposition transcripts, trial transcripts, exhibits used in affidavits, exhibits used at depositions, exhibits used at trial, and all attorney work product containing, quoting, discussing or analyzing Confidential Material designated as "CONFIDENTIAL", provided that such counsel, and the employees of such counsel, shall not disclose such transcripts, exhibits or attorney work product to any person except as provided in this Order. The Confidential Materials designated as "CONFIDENTIAL" kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. "Final disposition of this action," as used above, means after all appeal periods

have expired or after the execution of a settlement agreement among the parties and the filing of pleadings necessary to finally dispose of all claims in this action.

17. Pursuant to this stipulation between the parties, the provisions of this Order shall be deemed binding on the parties upon their execution of this document in order to facilitate the exchange of Confidential Material before this Order has been signed and entered. The parties agree that any violations of this Order may be enforced by the Court as a contempt notwithstanding that the violation may have occurred before the entry of the Order but after the parties have indicated their agreement.

AGREED TO BY:

| | |
|---|---|
| */s/ Donald G. Gilpin* | */s/ Amelia M. Willis* |
| Donald G. Gilpin | Amelia M. Willis, Esq. |
| Bar No. | NM Bar No. 144042 |
| Christopher P. Machin | A. Jonathan Jackson *pro hac vice* |
| Bar No. | GA Bar No. 852077 |
| GILPIN LAW FIRM, LLC | OGLETREE DEAKINS |
| 6757 Academy Road NE, Ste. B | NASH SMOAK & STEWART, P.C. |
| Albuquerque, N.M. 87109 | One Ninety One Peachtree Tower |
| | 191 Peachtree Street, N.E., Suite 4800 |
| | Atlanta, Georgia 30303 |
| **COUNSEL FOR PLAINTIFF** | Telephone: (404) 881-1300 |
| * *signed with express permission* | |
| | **COUNSEL FOR DEFENDANT** |

IT IS SO ORDERED.

_____
Honorable Kevin R. Sweazea
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DEREK RATCLIFF,<br><br>　　　Plaintiff,<br><br>v.<br><br>WALGREENS,<br><br>　　　Defendant. | Case No.:  2:21-cv-948-KWR-KRS |

**EXHIBIT A TO CONSENT ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

　　　I understand that I am being given access to documents labeled as "CONFIDENTIAL." I agree to keep such information strictly confidential. I will not disclose such information to, or otherwise discuss such information with, anyone other than the attorneys who are representing the parties in the above-captioned case, any consultant or expert who is hired by a party in this case, the court, or any court reporter or videographer during a deposition or court proceeding.

　　　Dated this ___ day of_____, 2022.

　　　　　　　　　　　　　　　　Signature: _____

　　　　　　　　　　　　　　　　Name: _____

　　　　　　　　　　　　　　　　Affiliation: _____

　　　　　　　　　　　　　　　　Address: _____