IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEREK RATCLIFF,

      Plaintiff,

v.                                                                                         No. 2:21-cv-948 KWR/KRS

WALGREENS,

      Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (Doc. 45)**

      THIS MATTER is before the Court on Defendant's Motion to Compel, (Doc. 45), filed May 6, 2022. Plaintiff filed a response on May 20, 2022, and Plaintiff filed a reply on June 3, 2022. (Docs. 49 and 53). Having considered the parties' briefing, record of the case, and relevant law, the Court grants the Motion to Compel, (Doc. 45).

    **I.**    **Background**

      Plaintiff was a store manager for Defendant and was terminated in March 2020. Plaintiff claims he was wrongfully discharged in retaliation for reporting that Defendant violated New Mexico Board of Pharmacy regulations by having two assistant managers work as pharmacy technicians despite their lack of training or certification. (Doc. 1-1). Defendant, however, states that Plaintiff was terminated for violating Defendant's policies against retaliation and a hostile work environment. (Doc. 45) at 3. Defendant asserts that Plaintiff's behavior and work performance began to change in approximately May 2019, including engaging in retaliatory and intimidating behavior towards employees. (Doc. 45) at 2. A district manager requested an internal investigation into employees' complaints about Plaintiff, which revealed information indicating that around May 2019 Plaintiff discovered he had fathered a daughter approximately five years earlier, and the daughter and her mother live in Mexico. *Id.* The investigators also

learned that Plaintiff told Defendant he was taking paid time off to care for sick relatives, but Plaintiff may have actually used that time to visit the girl and her mother in Mexico. *Id.* at 2-3.

On March 16, 2022, Defendant served its Second Requests for Production of Documents seeking various records of Plaintiff's travel to Mexico. (Doc. 45) at 3. Plaintiff produced his passport, which did not have travel stamps or a record of travel since 2018. *Id.* at 3. Nevertheless, Plaintiff testified in his deposition that he made at least ten trips to Mexico prior to his termination in March 2020 and many more since that time. *Id.* at 3, n.1. Plaintiff stated he was unable to recall specifics about this travel and has not produced any documents to establish dates of his travel. *Id.* at 1, 3. After Plaintiff's deposition, Defendant attempted to obtain Plaintiff's signature on an authorization form to obtain his record of international travel from the Department of Homeland Security. *Id.* at 3-4. Plaintiff objected on the basis the authorization is overburdensome and not reasonably related to admissible evidence. *Id.* at 4. Accordingly, Defendant filed its Motion to Compel asking the Court to order Plaintiff to sign the authorization form. (Doc. 45).

**II.      Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad

discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

### III.   Discussion

Defendant argues that Plaintiff's records of travel to Mexico are relevant for several reasons. First, Defendant asserts that it started an investigation after receiving employee complaints that Plaintiff's behavior and attitude had changed after he discovered he had a daughter in Mexico. (Doc. 45) at 6). Defendant states that this investigation resulted in findings that Plaintiff had retaliated against employees and created a hostile work environment. *Id.* Second, Defendant contends that Plaintiff's travel records are relevant as to whether Plaintiff traveled to Mexico during times he told Defendant he was talking paid time off to visit and care for sick relatives. *Id.* at 6-7. Defendant explains that if Plaintiff was dishonest to his employer about his leave requests, then Defendant may be able to establish an after-acquired evidence defense that Plaintiff engaged in behavior that would have led to his termination irrespective of the allegedly wrongful termination. This would also support Defendant's argument that Plaintiff's claim for lost wages should be cut off at the time the terminable behavior was

discovered. *Id.* at 7. And finally, Plaintiff stated in his deposition that he traveled to Mexico following his termination in an attempt to develop a private business to replace his lost income. Defendant argues that Plaintiff's travel records are therefore relevant to the issue of whether Plaintiff mitigated his damages, which is Defendant's burden to prove. *Id.* at 7.

In response to the Motion to Compel, Plaintiff argues that Defendant is "on a fishing expedition." (Doc. 49) at 2. Plaintiff states that he used his paid time off to travel to Mexico, but "[e]mployers have no right to know the whereabouts of employees using vacation time." *Id.* at 1. Plaintiff maintains that Defendant terminated him for reporting to the New Mexico Board of Pharmacy about unlicensed employees working in the pharmacy, and argues that Defendant has no proof that Plaintiff lied. *Id.* at 2. Plaintiff also states that he "is not the father of the daughter in Mexico," and attaches two birth certificate from Mexico – for girls born in 2007 and 2014. *Id.* at 2; (Doc. 49-1).

The Court finds that the evidence sought by Defendant is relevant and is not unduly burdensome. While Plaintiff asserts that an employer may not inquire into the whereabouts of employees who are using vacation time, neither of the cases Plaintiff relies on pertain to discovery requests. Instead, Plaintiff relies on a California state court case dealing with an employer affecting the vacation time of an employee, and a Massachusetts state court case regarding the withholding of an employee's vacation time. (Doc. 49) at 1-2 (citing *Bonn v. California State Univ., Chico*, 152 Cal. Rptr. 267, 271 (Ct. App. 3d Dist. 1979) and *Morris v. J.J. Best & Co.*, 2008 Mass. App. Div. 233, 235 (Dist. Ct. S. Div. 2008)). Neither of these cases are relevant or binding on this Court. Instead of engaging in a "fishing expedition," Defendant has sufficiently established that Plaintiff's travel records to Mexico are relevant as to whether Plaintiff's behavior at work changed due to learning about and visiting a daughter in Mexico,

4

whether Defendant can present an after-acquired evidence defense based on Plaintiff's statements regarding the use of his leave requests, and the extent of Plaintiff's mitigation of his damages. Plaintiff has not provided any support for a finding that the authorization is burdensome. Therefore, the Court finds that the authorization for disclosure of Plaintiff's travel records to Mexico is proper under Rule 26(b)(1).

IT IS THEREFORE ORDERED that Defendant's Motion to Compel, (Doc. 45), is GRANTED. Plaintiff shall provide his signature for the authorization form for his international travel records **by June 30, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE