IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEREK RATCLIFF,

    Plaintiff,

v.                                                                       No. 2:21-cv-948 KWR/KRS

WALGREENS,

    Defendant.

**ORDER GRANTING DEFENDANT'S SECOND MOTION TO COMPEL (Doc. 51)**

THIS MATTER is before the Court on Defendant's Second Motion to Compel, (Doc. 51), filed May 31, 2022. Plaintiff filed a response on June 29, 2022, and Defendant filed a reply on July 5, 2022. (Docs. 68 and 71). Having considered the parties' briefing, record of the case, and relevant law, the Court grants Defendant's Second Motion to Compel, (Doc. 51), as set forth below.

    **I.**     **Background**

Plaintiff was a store manager for Defendant and was terminated in March 2020. Plaintiff claims he was wrongfully discharged in retaliation for reporting that Defendant violated New Mexico Board of Pharmacy regulations by having two assistant managers work as pharmacy technicians despite their lack of training or certification. (Doc. 1-1). Defendant, however, states that Plaintiff was terminated for violating Defendant's policies against retaliation and a hostile work environment. (Doc. 51) at 4. Defendant asserts that Plaintiff's behavior and work performance began to change in approximately May 2019, including engaging in retaliatory and intimidating behavior towards employees. *Id.* at 2-3. A district manager requested an internal investigation into employees' complaints about Plaintiff, which revealed information indicating that around May 2019 Plaintiff discovered he had fathered a daughter approximately five years

earlier, and the daughter and her mother live in Mexico. *Id.* at 3. The investigators also learned that Plaintiff told Defendant he was taking paid time off to care for sick relatives, but Plaintiff may have actually used that time to visit the girl and her mother in Mexico. *Id.* at 2-3.

On April 7, 2022, Defendant served its Second Interrogatories and Third Requests for Production of Documents seeking information about Plaintiff's travel, including authorization forms for phone and credit card records. (Doc. 51) at 1-2. Plaintiff objects to providing the authorization forms or producing the credit card and phone records because he claims the information is irrelevant and the credit card records include information about his spouse's use of the cards. (Doc. 68).

## II.     **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

### III.    Discussion

Defendant seeks Plaintiff's travel and credit card records for time periods in October 2019 and December 2019-February 2020 during which Plaintiff had taken paid time off. (Doc. 51) at 17-22. Defendant explains that this information is relevant to determine whether Plaintiff traveled to Mexico during times he told Defendant he was talking paid time off to visit and care for sick relatives. *Id.* at 5-6. Defendant explains that if Plaintiff was dishonest to his employer about his leave requests, then Defendant may be able to establish an after-acquired evidence defense that Plaintiff engaged in behavior that would have led to his termination irrespective of the allegedly wrongful termination. *Id.* at 6. Additionally, Defendant argues that Plaintiff's travel records are relevant to demonstrate Defendant's motive for terminating Plaintiff. While Plaintiff contends the investigation and termination were the result of Plaintiff reporting Defendant to the New Mexico Board of Pharmacy, Defendant seeks to show that Plaintiff's behavior changed due to his involvement with a woman and her daughter in Mexico and this change in behavior led to employee complaints. *Id.* at 6-7. Defendant provides testimony and other evidence indicating that Plaintiff may have visited Mexico during time periods he had asked for paid time off due to family emergencies.

In addition, Defendant seeks Plaintiff's cell phone records for specific time periods from September 2019 to March 2020, during which other employees state they overheard Plaintiff

talking with a woman on the phone while Plaintiff was at work. *Id.* at 9-10. Defendant contends these records are relevant to its defense that Plaintiff's behavior led to employee complaints and the investigation that resulted in Plaintiff's termination. Defendant also seeks Plaintiff's phone records for the dates Plaintiff alleges he first contacted the New Mexico Board of Pharmacy to report Defendant's alleged illegal actions. *Id.* at 10.

In response to the Motion to Compel, Plaintiff argues that Defendant is "on a fishing expedition" to find a reason for terminating him. (Doc. 68) at 3. Plaintiff argues that "the employer has no right to know where Plaintiff went on vacation." *Id.* at 1. Plaintiff maintains that Defendant terminated him for reporting to the New Mexico Board of Pharmacy about unlicensed employees working in the pharmacy, and argues that his credit card and phone records are not discoverable. *Id.* at 2-3.

The Court finds that Defendant's discovery requests relating to Plaintiff's travel, including his credit card records, are relevant and properly limited to time periods that Plaintiff sought paid time off due to family emergencies. While Plaintiff asserts that an employer may not inquire into the whereabouts of employees who are using vacation time, none of the cases Plaintiff relies on pertain to discovery requests and are not relevant to this issue. Instead of engaging in a "fishing expedition," Defendant has sufficiently established that information related to Plaintiff's travel is relevant to Defendant's after-acquired evidence defense. The Court also finds that Plaintiff's phone records are relevant to the issue of whether Defendant initiated an investigation based in part on employee complaints that Plaintiff used work time to make personal phone calls. While Plaintiff asserts the credit card records should not be disclosed because they include his wife's use of the cards, the Court agrees with Defendant that this concern can be addressed by marking these documents confidential pursuant to the

4

confidentiality order in this case, (Doc. 31). This would protect the records from public view and from use for any purpose other than the instant litigation. For these reasons, the Court finds that Defendant's requests for travel information and authorizations for credit card and phone records, as limited to the specific time periods in the discovery requests, are proper under Rule 26(b)(1).

IT IS THEREFORE ORDERED that Defendant's Second Motion to Compel, (Doc. 51), is GRANTED. Plaintiff shall provide full responses to Interrogatory Nos. 18 and 19 and Request for Production Nos. 19, 20, and 21, as well as signed authorization forms for the release of relevant phone and credit card records, by **July 29, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE